UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CHESTER JOHNSON,

                Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                    16-CV-2879 (PKC)(LB)

       - against-

THE CITY OF NEW YORK,

                Defendant.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff Chester Johnson, appearing *pro se* and proceeding *in forma pauperis*, brings this action, pursuant to 42 U.S.C. §§ 1982, 1983, 1985(2) & (3), 1986, 2000a, and 2000aa, as well as New York law, against the City of New York, alleging that members of the New York City Police Department ("NYPD") seized his rare coins during his arrest on May 30, 2013, and failed to properly voucher them for safekeeping or otherwise return them to him. For the reasons stated herein, Defendant's motion to dismiss is granted.

## BACKGROUND

**I.**     **Relevant Facts**

On May 30, 2013, Plaintiff was arrested by NYPD Officer Ronald Sanchez after Plaintiff's estranged wife filed a report alleging that Plaintiff "placed a firearm to her head and threatened to kill her." (Complaint ("Compl."), Dkt. 2, at 3, 13-14.)[1,2] Officer Sanchez searched Plaintiff's

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), the court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)). The Court also must assume as true the allegations in the complaint. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306–07 (2d Cir. 2015).

[2] All page numbers refer to the pagination generated by the CM/ECF system and not the document's internal pagination.

home and vehicles pursuant to search warrants issued on May 28, 2013. (*Id.* at 16-18.) Plaintiff states that on or about June 2, 2013, he became aware that his "rare numismatic/sentimental coins" were seized during the search. (*Id.* at 3, 21.) Plaintiff then made "[n]umerous [unsuccessful] attempts . . . to immediately recover the sentimental heirloom[s]." (*Id.* at 3.)

On August 27, 2013, Plaintiff filed a Notice of Claim with the City of New York after Plaintiff's family was "inform[ed] . . . [that] the requested property was no longer at the precinct but ha[d] been given to the New York City Police Property Clerk's Office." (*Id.* at 4, 29-32, 35-37.) In his Notice of Claim, Plaintiff stated that the missing coins were worth three million dollars. (*Id.* at 31.) According to Plaintiff, the Property Clerk informed him that the Clerk's Office was not in possession of Plaintiff's coins "and indicated no record existed of such personal property." (*Id.*) Plaintiff later learned, through discovery, that Defendant was, in fact, in possession of Plaintiff's coins and that they had been deposited at Chase Bank in alleged violation of the NYPD patrol guide, which states that "[c]urrency with numismatic/sentimental value <u>will not be deposited in a bank</u>." (*Id.* at 4-5, 61 (emphasis in original), 54-59 (Chase Bank receipts), 61-63 (NYPD Patrol Guide).)

Plaintiff also filed a complaint with the Civil Complaint Review Board sometime in 2013 against Officer Sanchez, alleging "theft or negligent handling of vouching complainant's personal property." (*Id.* at 33-34.) In addition to his vouchered coins, Plaintiff also alleges that there were "three special buffalo nickels in the collection" that were "not registered at all on any voucher." (*Id.* at 33 (emphasis omitted).) Plaintiff also stated that his coins were incorrectly marked as "forfeiture". (*Id.* at 34, 52.)

## II. Procedural History

On July 7, 2014, Plaintiff, proceeding *pro se*, filed a complaint against the "City of New York (NYPD)" in Kings Count Civil Court, Index No. CV-039525-14/KI, alleging that his rare

2

coins were seized by members of the NYPD during his arrest on May 30, 2013[3] in violation of the due process clauses of the Fifth and Fourteenth Amendments, as well as New York state law. (Dkt. 33-3 at 8, 12; Dkt. 33-4 at 3, 5-6.) Plaintiff filed a motion for summary judgment in that action on September 9, 2015, and it is currently pending. (Dkt. 33-2 at 3.)

On July 30, 2015, Plaintiff pled guilty to weapon possession in the third degree. (Compl. at 5.) Plaintiff is currently at liberty. (Dkt. 37.) On April 5, 2016, Plaintiff filed the instant federal complaint. (Dkt. 2.) On January 30, 2017, Defendant filed its motion to dismiss. (Dkt. 31.)

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

"In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v.*

---

[3] According to Plaintiff, Defendant "confessed" during a court conference "that every coin was not checked for any numismatic value despite such coins being in a safe and that Plaintiff's coins were deposited into the bank." (Compl. at 4.)

*UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). At the same time, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### A. Section 1983

Plaintiff has failed to state a claim for municipal liability against the City of New York under 42 U.S.C. § 1983.[4] A municipality and its supervisory officials may not be held liable in a § 1983 action for the conduct of a lower-level employee solely on the basis of respondeat superior. *Smith v. City of New York*, 290 F. Supp. 2d 317, 321 (E.D.N.Y. 2003) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691, 694 (1978)). In order to establish the liability of such defendants in an action under § 1983 for unconstitutional acts by such employees, "a plaintiff must show that the violation of [his] constitutional rights resulted from a municipal custom or policy." *Id.* (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 478-79 (1986)).

"To state an unconstitutional deprivation of property claim under 42 U.S.C. Section 1983, however, it is not enough to have been deprived of property under color of state law. The property

---

[4] Defendant argues that this Court should abstain from exercising jurisdiction over this action "as a nearly identical action is currently pending in state court." (Dkt. 34 at 11-16); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). After considering the balance of factors, the Court declines to so abstain. *See Colorado River*, 424 U.S. at 813 (holding that abstention is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it") (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959) (emphasis omitted)).

deprivation must also have been without due process of law, for it is only against such lawless deprivations that the Fourteenth Amendment protects." *Barrett v. United States*, 651 F. Supp. 615, 620 (S.D.N.Y. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). "Deprivation of property by a state actor, whether intentional or negligent, does not give rise to a claim under § 1983 so long as the law of that state provides for an adequate post-deprivation remedy and the deprivation was the result of a 'random and unauthorized' act." *David v. N.Y.P.D. 42nd Precinct Warrant Squad*, No. 02–cv–2581, 2004 WL 1878777, at *5 (S.D.N.Y. Aug. 23, 2004) (collecting cases); *see also Davis v. N.Y.*, 311 Fed. App'x 397, 400 (2d Cir. 2009) (summary order) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).[5] Here, Plaintiff has not claimed that any alleged deprivation of his property was authorized or the result of an established State procedure. Moreover, there exist adequate State post-deprivation remedies that Plaintiff could have used, such as, bringing a State law claim in the Court of Claims. *See Davis*, 311 Fed. App'x at 400; *Wahid v. Mogelnicki*, No. 15–cv–2869, 2017 WL 2198960, at *2 (E.D.N.Y. May 17, 2017) ("New York has adequate state post-deprivation remedies" that allow "a plaintiff [to] bring a state law claim for negligence, replevin or conversion with the Court of Claims"). Thus, Plaintiff's deprivation of property claim fails as a matter of law and is dismissed. *See, e.g.*, *Wahid*, 2017 WL 2198960, at *2 (dismissing plaintiff's deprivation of property claim, given New York's adequate post-deprivation remedies and plaintiff's failure to indicate that the deprivation was authorized or the result of an established State procedure); *Alloul v. City of N.Y.*, No. 09–cv–7726, 2010 WL 5297215, at *6 (S.D.N.Y. Dec. 21, 2010) (dismissing plaintiff's deprivation of property interest claim based on the towing and subsequent destruction of plaintiff's car because "there [wa]s no evidence that either the towing or the destruction of [the] car was anything other than a 'random and unauthorized' act" and plaintiff

---

[5] Under this standard, even if Plaintiff had identified Officer Sanchez or other individual officers as defendants, his claims would still fail.

5

failed to utilize a constitutionally adequate post-deprivation remedy, *i.e.*, pursue a State court action based on negligence or conversion).

**B. Sections 1982, 1985, and 1986**

Plaintiff's claims under sections 1982 and 1985(3) also fail as a matter of law because Plaintiff fails to allege that Defendant's actions were motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (quoting *United Bhd. of Carpenters, Local 610 v. Scott,* 463 U.S. 825, 829 (1983)); *see Gomez-Perez v. Potter*, 553 U.S. 474, 479 (2008) ("While § 1982 does not use the phrase 'discrimination based on race,' that is its plain meaning."); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (holding that § 1985(3) is not "a general federal tort law" but "requir[es] intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action").[6,7]

---

[6] Additionally, to state a claim under section 1985, Plaintiff must also demonstrate that "the constitutional injury resulted from a governmental policy, practice, or custom." *Davis v. Town of Hempstead,* 208 F.3d 202, 202 (2d Cir. 2000) (summary order) ("A county or municipality is liable under Section 1983 or Section 1985 only if the constitutional injury resulted from a governmental policy, practice, or custom.").

[7] Although Plaintiff alleges a violation of section 1985(2), which "prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings", it is not relevant to this action. *Cooke v. Deschaine*, No. 3:16-CV-138 (SRU), 2016 WL 7256676, at *5 (D. Conn. Dec. 15, 2016), *adhered to on reconsideration,* No. 3:16-CV-138 (SRU), 2017 WL 1628400 (D. Conn. Apr. 28, 2017) (citing 42 U.S.C. § 1985(2)). This is similarly true of Plaintiff's claim under section 2000a, which "guarantees individuals full and equal enjoyment of places of public accommodation without race-based[, color, religion, or national origin] discrimination," *Gibbs–Alfano v. Burton,* 281 F.3d 12, 16 (2d Cir. 2002) (citing 41 U.S.C. § 2000a), and his claim under section 2000aa, which "prohibits the government from searching for and seizing work product materials and other documents possessed by an individual engaged in public communication," *United States v. Hunter*, 13 F. Supp. 2d 574, 582 (D. Vt. 1998) (citing 42 U.S.C. § 2000aa).

In light of the dismissal of Plaintiff's section 1985 claim, Plaintiff's section 1986 claim is also dismissed because "a § 1986 claim must be predicated upon a valid § 1985 claim." *Mian*, 7 F.3d at 1088; *see also Dacey v. Dorsey,* 568 F.2d 275, 277 (2d Cir.), *cert. denied,* 436 U.S. 906 (1978).

## LEAVE TO AMEND

A *pro se* complaint should not be dismissed without the Court granting leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (internal brackets and quotation marks omitted). The Court, therefore, permits Plaintiff thirty (30) days in which to amend the Complaint. If Plaintiff elects to do so, he must comply with Fed. R. Civ. P. 8, which means that he must name proper defendant(s) and "must demonstrate [each] defendant's direct or personal involvement" in the actions that are allege have caused the deprivation his constitutional rights. *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).

## CONCLUSION

For the reasons stated herein, the Complaint is dismissed. Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint. If Plaintiff does not file an amended complaint within thirty (30) days, judgment dismissing the case shall enter.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: March 5, 2018
      Brooklyn, New York