FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 12 2018 ★
BROOKLYN OFFICE

Received 6/13/18 JT

2018 JUN 12 PM 3:39
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
FILED CLERK



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

Chester Johnson,

          Plaintiff,                      AMENDED COMPLAINT

    -against-                          DOCKET # 16-CV-2879 (SLT)(LB)

THE CITY OF NEW YORK; Police Officer
Ronald Sanchez; Assistant Corporation Counsel
Marissa Cham

          Defendant.

---

### JURISDICTION & VENUE

1. This action arises under the Constitution of the United States Pursuant to 42 U.S.C. section(s): 1981; 1982; 1983; 1985; 1986 2000aa-6(a); 2000-6 (a); particularly the **Fourth; Fifth and Fourteenth Amendments** to the Constitution of the United States through the Civil Rights Act Title 42 U.S.C. sections: 1983 and 1988.

2. This Court has sole Jurisdiction over this action **Pursuant to U.S.C. section(s) 1331 and 1343;** and, Supplemental; Ancillary and Pendant Jurisdiction to adjudicate all claims asserted under State Law Pursuant to 28 U.S.C. section 1367.

3. The acts and transactions constituting the civil right violations occurred in the County of Kings, in the Eastern District of New York. In addition, Defendants reside, are found, have agents, or transact their affairs in the Eastern District of New York. Venue is therefore, proper in this district **Pursuant to 28 U.S.C. section 1391 (b)**; or the Court has the power to declare and transfer to proper venue **Pursuant to 28 U.S.C. section 1391 (c)**.

### PARTIES

4. Plaintiff Chester Johnson was, at the time of the acts alleged herein, a Citizen of the United States and Resident of the County of Kings at 454 Quincy Street, Apt. 2B. At the time of filing acts alleged herein Plaintiff was housed in a New York State Correctional Facility. Plaintiff currently resides at 454 Quincy Street, Brooklyn New York 11221.

5. Defendant, at all times referred to herein, The City of New York was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York and situated within the Eastern District of New York.

6. At all times referred to herein, the Police Department of the City of New York (hereinafter "NYPD") was and still is an agency or instrumentality of the City of New York, situated in the Eastern District of New York. The NYPD does not have a legal identity separate and apart from the Defendant the City of New York.

7. At all times referred to herein, the Corporation Counsel Office of the City of New York (hereinafter "CCO") was and still is an agency or instrumentality of the City of New York, situated in the Eastern District of New York. The NYPD does not have a legal identity separate and apart from the Defendant the City of New York.

8. At all times referred to herein, Ronald Sanchez, acting within the scope of his employment as a member of the City of New York Police Department acted under color of state law, color and pretense of the statutes, ordinances, regulations, custom and policies and under the City of New York and State of New York authority.

9. At all times referred to herein, Marissa Cham, acting within the scope of her employment as a member of the City of New York Corporation Counsel Office acted under color of state law, color and pretense of the statutes, ordinances, regulations, custom and policies and under the City of New York and State of New York authority.

10. At all times referred to herein, Defendant the City of New York, by its agents, servants, representatives, staff and/or employees, was responsible for the operation, maintenance and control of the NYPD and CCO and the selection, training, supervision, evaluation and disciplining of NYPD and CCO personnel; as well as, responsible policy makers for Defendants with respect to management of their respective offices.

## LEGAL CLAIMS
## FEDERAL LAW CAUSES OF ACTION

**FIRST CAUSE OF ACTION AGAINST INDIVIDUAL AND OFFICIAL CAPACITY NYPD DEFENDANT; RONALD SANCHEZ FOR THEIR WRONGFUL VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER COLOR OF LAW, OFFICE, PRACTICE, CUSTOM OR POLICY (FOURTH, FIFTH AND FOURTEENTH AMENDMENT)**

11. Defendant NYPD; Officer Sanchez violated Plaintiff's Civil Rights by the unlawful seizure and removal from Plaintiff's home sentimental numismatic coins.

12. Defendant NYPD; Officer Sanchez practice and/or custom violated Plaintiff's Civil Rights for the deprivation of sentimental property without procedural due process of law by depositing coins into Chase Bank. (Unlawful Conversion).

13. Defendant NYPD; Officer Sanchez practice and/or custom violated Plaintiff's Civil Rights with reckless disregard for acting within their scope of employment and under color of State and City Law, **deliberately failed his special duty to register, store, preserve, maintain and control sentimental and personal property** unlawfully seized and removed from Plaintiff's home.

14. Plaintiff did not consent to such above, **id. at para. 11-13**, and had well established procedural and substantive due process protection rights, privileges and immunities to be free from such Civil Rights violations under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**SECOND CAUSE OF ACTION AGAINST INDIVIDUAL AND OFFICIAL CAPACITY CCO DEFENDANT; MARISSA CHAM FOR THEIR WRONGFUL VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER COLOR OF LAW, OFFICE, PRACTICE, CUSTOM OR POLICY (FIRST, FIFTH, AND FOURTEENTH AMENDMENTS)**

15. Plaintiff repeats, reiterate, reallege and incorporate each and every allegation set forth in the Addendum and this Amended Complaint in paragraphs 1 – 14 with same force and effect as though fully set forth in this Cause of Action.

16. Defendant CCO; Assistant Corporation Counsel (ACC) Cham violated Plaintiff's Civil Rights by transgressing with malicious intent, to compel Plaintiff to be a witness against himself, committed coercion willfully and wantonly. (Right to a Fair Trial).

17. Defendant CCO; ACC Cham violated Plaintiff's Civil Rights by transgressing willfully and wantonly with malicious intent, conspired with Kings County District Attorney's Office using Criminal case to **obstinate** Plaintiff's Civil claim and Criminal defense course of action.

18. Defendant CCO; ACC Cham violated Plaintiff's Civil Rights, when she knew or should have known, after the open court confession by Defendant NYPD; Officer Sanchez, unlawful and unauthorized misappropriation of Plaintiff's personal property, the **must to refrain** from civilly defending Defendant(s).

19. Defendant City of New York CCO; ACC Cham violated Plaintiff's Civil Rights by the failure to be properly trained, supervised and discipline while serving in the office of the CCO of the City of New York, under color of law and employment willfully and wantonly by continuing to litigate and defend, such actor, misrepresented with reckless disregard to Plaintiff's Civil and Constitutional Rights and her sworn oath of office, intentionally disregarded the circumstances surrounding the improper behavior and procedural violations but **sought only** to protect the "integrity" of the NYPD.

20. Plaintiff had a well establish procedural and substantive due process rights, privileges and immunities to be free from such Civil Rights violations under the First, Fifth and Fourteenth Amendments to the United States Constitution.

## THIRD CAUSE OF ACTION AGAINST INDIVIDUAL AND OFFICIAL CAPACITY CCO DEFENDANT; NYPD DEFENDANT; MARISSA CHAM; RONALD SANCHEZ FOR THEIR WRONGFUL VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER COLOR OF LAW, OFFICE, PRACTICE, CUSTOM OR POLICY

21. Plaintiff repeats, reiterate, reallege and incorporate each and every allegation set forth in the Addendum and this Amended Complaint in paragraphs 15 – 20 with same force and effect as though fully set forth in this Cause of Action.

22. Defendant was at all times relevant to this complaint (now amended complaint) charged with the employer and oversight of the Defendant NYPD and CCO Officers, in the scope of their employment as employees of the City of New York; materially establishing this complaint as employer and principal of the Defendant's Officers.

23. Plaintiff left suffering substantial injuries and damages as a result of the Defendant(s) willful, wanton and total disregard to Plaintiff's Civil and Constitutional Rights, including but not limited to the following: mental anguish, emotional distress, depression, shame, embarrassment, humiliation, loss of family valuables, injury to reputation, trust and reliability and the absolute Constitutional Right to legally <u>convey</u> sentimental personal property to natural offspring's.

24. Plaintiff did not consent to the disregard of his First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, the deprivation of personal property without due process of law, to be denied equal access to the courts and giving up his right to a fair trial; Defendant misconduct is directly and proximately the cause and by deliberate indifference to the violations of Plaintiff's Federal Constitutional Rights.

25. The Defendant(s) unconstitutional customs, decisions, practices and/or indifferent employee training or supervision practices were deliberately or recklessly indifferent to the obvious Federal Constitutional rights of Plaintiffs' seeks One Million ($1,000,000) dollars in Punitive Damages for each Causes of Action, as a whole or numerically separate or in parts thereof to construct liberally to construe Plaintiff's standing for Punitive Damages.

26. The Defendant(s) unconstitutional customs, decisions, practices and/or indifferent employee training or supervision practices were deliberately or recklessly indifferent to the obvious Federal Constitutional rights of Plaintiffs' seeks One Million ($1,000,000) dollars in Compensatory Damages for each Causes of Action, as a whole or numerically separate or in parts thereof to construct liberally to construe Plaintiff's standing for Compensatory Damages.

27. Plaintiff seeks Declaratory Judgment Pursuant to Rule 57 of the Civil Procedure regarding: **(a)** Defendant's NYPD Patrol Guide, Procedure No. 218-36; **(b)** Defendant's individually/separately or as a whole, Breach of Privilege and/or Breach of Duty; that such Judicial Findings and Conclusions, award Plaintiff Five Hundred Thousand ($500,000) in both Punitive and Compensatory Damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendant(s) as a whole or separate capacity; individual or official capacity, and award the above-mentioned damages and, any further relief the court deems just.

Plaintiff declare under the Penalty of Perjury that the foregoing is true and correct.

Dated: June 9th, 2018
      Brooklyn, New York

Respectively Submitted,

_____
Chester Johnson, Plaintiff

CAPTION:

Chester Johnson

v.

City of New York, Police
officer Ronald Sanchez
Asst. Corp Counsel
Marissa Cham

**CERTIFICATE OF SERVICE***

Docket Number: 16-CV-2879

I, _Chester Johnson_, hereby certify under penalty of perjury that
   (print name)
on _June 11th 2018_, I served a copy of _Amended Complaint_
   (date)
_and Addendum in Support of Amended Complaint_
(list all documents)

by (select all applicable)**

___ Personal Delivery    ✓ United States Mail    ___ Federal Express or other
                                                      Overnight Courier

___ Commercial Carrier   ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| U.S. District Court | 225 Cadman Plaza East | Brooklyn | NY | 11201 |
| NYC Corporation Counsel | 100 Church Street | New York | NY | 10007 |
| Marissa Cham | 350 Jay Street, 8th Fl | Brooklyn | NY | 11201 |
| P.O. Ronald Sanchez | 71st Precinct 421 Empire Blvd | Brooklyn | NY | 11225 |

June 11th, 2018
Today's Date

_Chester Johnson_
Signature

Certificate of Service Form (Last Revised 12/2015)