UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CHESTER JOHNSON,

                Plaintiff,

                                                    **MEMORANDUM & ORDER**

        - against -                                  16-CV-2879 (PKC) (LB)

CITY OF NEW YORK, SERGEANT
RONALD SANCHEZ, and MARISSA CHAM,

                Defendants.
---------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

On April 5, 2016, Plaintiff Chester Johnson ("Plaintiff") filed this *pro se* action for alleged violations of, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments, as well as 42 U.S.C. § 1983 ("§ 1983").[1] On March 5, 2018, this Court dismissed Plaintiff's action, but granted him leave to file an amended complaint.[2] Plaintiff then filed an amended complaint on June 12, 2018 alleging violations of the Fourth, Fifth, and Fourteenth Amendments, as well as 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988, 2000a, and 2000aa. Defendants moved to dismiss Plaintiff's amended complaint.[3] For the reasons stated below, Defendants' motion to dismiss is granted in its entirety.

---

[1] Plaintiff's original complaint was filed in the Southern District of New York ("SDNY") and was transferred to the Eastern District on June 6, 2016. (*See* May 24, 2016 Transfer Order, Dkt. 6.)

[2] After being transferred to this district from the SDNY, the case was initially assigned to the late Honorable Sandra L. Townes and then reassigned to the undersigned on February 21, 2018.

[3] Plaintiff argues that "[t]he issue must be joined before a motion to dismiss can be considered; Plaintiff's interest and protection by the Federal Constitution will be impaired by absence of the Defendant(s)." (Plaintiff's Memorandum in Opposition, Dkt. 66, at 1.) A motion to dismiss is a responsive pleading sufficient to join issue. *See* Fed. R. Civ. P. 12(b). The three

1

# BACKGROUND

The Court assumes the parties' familiarity with its March 5, 2018 Memorandum and Order ("Order"), which describes Plaintiff's original complaint in detail. (*See* Order, Dkt. 40, at 1–3.) In addition to dismissing all claims alleged by Plaintiff, that Order granted Plaintiff leave to amend his complaint. (*Id.* at 7.) Plaintiff filed his amended complaint on June 12, 2018.[4] (Dkt. 46; *see also* Addendum in Support of Amended Complaint ("Addendum"), Dkt. 47.)[5] The amended complaint names three defendants: Sergeant Sanchez ("Sanchez"), Assistant Corporation Counsel Cham ("ACC Cham"), and the City of New York ("City Defendant") (collectively, "Defendants"). (Am. Compl., Dkt. 46, at ECF[6] 1.) Though the amended complaint does not assert many specific facts, it appears that Plaintiff's allegations remain largely the same as those featured in his original complaint. Plaintiff alleges that, after he was arrested, Sanchez improperly seized and disposed of

---

Defendants named in the amended complaint have filed the instant motion to dismiss together; therefore, issue is joined. Defendants' motion was fully briefed on November 13, 2018.

[4] The Court dismissed Plaintiff's original complaint on March 5, 2018 and gave him 30 days to file an amended complaint. (March 5, 2018 Docket Entry.) On April 10, 2018, the Court dismissed Plaintiff's case but noted that the copy of the Court's dismissal order mailed to Plaintiff was returned as undeliverable and so, in an abundance of caution, granted Plaintiff leave to re-open the matter. (April 10, 2018 Docket Entry.) On May 3, 2018, the Court, on Plaintiff's motion, re-opened the case and, on May 15, 2018, ordered that Plaintiff file his amended complaint by June 15, 2018. (May 3, 2018 Docket Entry; May 15, 2018 Docket Entry.) Plaintiff did so. (*See* Amended Complaint ("Am. Compl."), Dkt. 46.)

[5] It is unclear whether Plaintiff intended his amended complaint to supplement his original complaint or completely replace it. Though Plaintiff's amended complaint does not include a "Statement of Facts" section, suggesting that the amended complaint is meant to supplement the original complaint, Plaintiff's Addendum states that "[a]ll references to Plaintiff's Complaint is filed as Court Record or otherwise should be disregarded at this time." (Addendum, Dkt. 47, at 2.) The Court need not decide whether to consider the facts in the original complaint as none of those facts save the claims asserted by Plaintiff in his amended complaint from dismissal.

[6] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Plaintiff's numismatic/sentimental coins, in violation of the New York City Police Department's ("NYPD") policy. (*Id.* ¶¶ 11–14.) Plaintiff also alleges that ACC Cham tried to compel Plaintiff to incriminate himself by forcing him to choose between vindicating his property rights in his state civil case or fully defending himself in his state criminal case. (*Id.* ¶¶ 16–20; *see also* Addendum, Dkt. 47, at 9 (describing ACC Cham's actions as "[i]n sum, you want your coins back, take the gun charge or deny everything in the SAFE and forfeit your coins" (internal citation omitted).) Finally, Plaintiff alleges that City Defendant failed to properly oversee Sanchez and ACC Cham. (*Id.* at ¶¶ 22–27.)

Defendants filed a pre-motion conference letter in anticipation of filing a motion to dismiss the amended complaint on September 27, 2018. (Dkt. 65.) The Court construed Defendants' letter as a motion to dismiss and ordered supplemental briefing. (*See* September 28, 2018 Docket Entry.) Defendants' motion was fully briefed on November 13, 2018. (Dkts. 66, 67.)

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). "In addressing the

3

sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). At the same time, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

## DISCUSSION

### I. Property Deprivation Claim

Plaintiff alleges that Defendant Sanchez "violated Plaintiff's Civil Rights for the deprivation of sentimental property without procedural due process of law by depositing [Plaintiff's numismatic] coins into Chase Bank." (Am. Compl., Dkt. 46, ¶ 12.) "The Due Process Clause does not protect against all deprivations of constitutionally protected interests in life, liberty, or property, 'only against deprivations without due process of law.'" *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 464–65 (2d Cir. 2006) (quoting *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)). "[I]n evaluating what process satisfies the Due Process Clause, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees[]." *Id.* at 465 (internal quotations and citation omitted). The former is often actionable under § 1983 in federal court, while the latter is generally not, for reasons discussed *infra*. Plaintiff does not plead any facts to suggest that Sanchez's actions were authorized or the result of an established state procedure. Therefore, the Court infers that Plaintiff is alleging that Sanchez's actions were random and unauthorized violations of City

Defendant's policies. (*Cf.* Addendum, Dkt. 47, at 5 (noting that Plaintiff has attached a copy of City Defendant's policy, though the date of the policy means it went into effect after the events in question); *see also id.* at 6 (noting that the Court needs to make findings as to whether "a violation of Defendant's own policy [occurred] and/or Defendant depriv[ed] Plaintiff [of] the procedural safeguard that was due").)[7]

"Where a deprivation at the hands of a government actor is 'random and unauthorized,' hence rendering it impossible for the government to provide a pre-deprivation hearing, due process requires only a post-deprivation proceeding." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003); *see also David v. N.Y.P.D. 42nd Precinct Warrant Squad*, No. 02-CV-2581 (DC), 2004 WL 1878777, at *5 (S.D.N.Y. Aug. 23, 2004) ("Deprivation of property by a state actor, whether intentional or negligent, does not give rise to a claim under § 1983 so long as the law of that state provides for an adequate post-deprivation remedy and the deprivation was the result of a 'random and unauthorized' act."). "New York has adequate state post-deprivation remedies." *Wahid*, 2017 WL 2198960, at *2; *see also Dove v. City of New York*, No. 99-CV-3020 (DC), 2000 WL 342682, at *3 (S.D.N.Y. Mar. 30, 2000) ("Because New York provides an adequate post-deprivation remedy in the form of state law causes of action for negligence, replevin, or conversion, [plaintiff's] § 1983 claim for the loss of his property is dismissed."). Given the availability of

---

[7] Plaintiff also asks the Court to decide whether "the policy is Constitutionally sound." (Addendum, Dkt. 47, at 6.) Though it is possible, as discussed *supra*, to assert a due process claim alleging that an unconstitutional deprivation occurred because of, rather than despite, an established procedure, here, Plaintiff does not allege any facts to support a claim that Sanchez's actions were authorized or the result of an established procedure. *See Wahid v. Mogelnicki*, No. 15-CV-2869 (LDH) (CLP), 2017 WL 2198960, at *2 (E.D.N.Y. May 17, 2017) (analyzing a deprivation of property claim on the assumption that the challenged behavior was a random and unauthorized act because "[p]laintiff has not pleaded any facts that would indicate that the deprivation was authorized or the result of an established state procedure"). The Court therefore assumes that any deprivation of property was random or unauthorized and conducts its analysis accordingly.

these adequate state law remedies, Plaintiff's claim fails as a matter of law. Further, the Court notes that Plaintiff was previously warned that merely reasserting his property deprivation claim against individual defendants would not be enough to adequately state a property deprivation claim under § 1983. (*See* Order, Dkt. 40, at 5 n.1 (noting that under the property deprivation standard, "even if Plaintiff had identified Officer Sanchez or other individual officers as defendants, his claims would still fail").)[8] Accordingly, Plaintiff's property deprivation claim against Defendant Sanchez is dismissed.

## II. Fair Trial Claim

Plaintiff alleges that "Assistant Corporation Counsel (ACC) Cham violated Plaintiff's Civil Rights by transgressing with malicious intent, to compel Plaintiff to be a witness against himself, [and] committed coercion willfully and wantonly. (Right to a Fair Trial)." (Am. Compl., Dkt. 46, ¶ 16; *see also* Addendum, Dkt. 47, at 9 (describing Defendants actions as "[i]n sum, you want your coins back, take the gun charge or deny everything in the SAFE and forfeit your coins" (internal citation omitted).) Though Plaintiff describes this as a "fair trial" claim, the Court finds that his allegations more accurately reflect a claim made pursuant to the Fifth Amendment.[9] "The Fifth

---

[8] Whether a plaintiff has in fact pursued these state law remedies is irrelevant to the Court's analysis. *Cf. Watts v. N.Y.C. Police Dep't*, 100 F. Supp. 3d 314, 329 (S.D.N.Y. 2015) (noting that a plaintiff's "failure to take advantage of the state procedures does not convert his cause of action into a constitutional due process claim"). However, the Court notes that Plaintiff does appear to have brought a state civil action against Defendants that was settled as of October 2018. (*Cf.* Am. Compl., Dkt. 46, ¶ 17 (alleging that Cham used Plaintiff's "[c]riminal case to obstinate [sic] Plaintiff's civil case") (emphasis omitted); *see also* Defendants' Reply Memorandum of Law, Dkt. 67, at 9 (noting that "[o]n October 19, 2018, before the Honorable Lizette Colon in Kings County Civil Court, [P]laintiff accepted an offer from defendants to settle the state action in its entirety").)

[9] "A denial of the right to a fair trial claim requires a plaintiff to prove that: 'an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result.'" *Bailey v. City of New York*, 79 F. Supp. 3d 424, 446 (E.D.N.Y. 2015) (quoting *Jovanovic*

6

Amendment provides that no person 'shall be compelled in any criminal case to be a witness against himself.'" *Higazy v. Templeton*, 505 F.3d 161, 170 (2d Cir. 2007) (citing U.S. Const. Amend. V). "'[This right] can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used.'" *Id.* (quoting *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972)). "'[A] § 1983 action may exist under the Fifth Amendment self-incrimination clause if coercion was applied . . . to obtain inculpatory statements, and the statements thereby obtained were used against the plaintiff[ ] in a criminal proceeding.'" *Thomsen v. City of New York*, No. 15-CV-2668 (DLC), 2016 WL 590235, at *9 (S.D.N.Y. Feb. 11, 2016) (quoting *Deshawn E. ex rel. Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998)).

Plaintiff's claim fails on at least two grounds. First, Plaintiff has not alleged that he made any inculpatory statement or that any such statement was used against him in a criminal proceeding. Second, as the attorney who represented New York City in Plaintiff's state civil action, ACC Cham is entitled to absolute immunity. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) ("As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the state in a way that is intimately associated with the judicial process."); *O'Callaghan v. City of New York*, No. 16-CV-1139 (ER), 2016 WL 7177509, at *11 (S.D.N.Y. Dec. 8, 2016) (holding that an Assistant Corporation Counsel defendant was entitled to

---

*v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order)). Plaintiff has alleged no facts in support of this claim.

absolute immunity for defending the City of New York in a state civil action).[10]  Therefore, Plaintiff's claims against Defendant ACC Cham are dismissed.

**III.    Statutory Claims**

In his amended complaint, Plaintiff states that "[t]his action arises under the Constitution of the United States [p]ursuant to 42 U.S.C. section(s): 1981; 1982; 1983; 1985; 1986[;] 2000aa-6(a); 2000-6 (a); particularly the Fourth; Fifth and Fourteenth Amendments to the Constitution of the United States through the Civil Rights Act Title 42 U.S.C. sections: 1983 and 1988." (Am. Compl., Dkt. 46, ¶ 1.)  To the extent that Plaintiff intends to bring claims under these statutes that are not already discussed *supra*, these claims are deemed abandoned due to Plaintiff's failure to respond to Defendants' argument that they should be dismissed.  (Defendants' Pre-motion Conference Letter, Dkt. 65, at 3 n.1); *see Felix v. City of New York*, 344 F. Supp. 3d 644, 654–55 (S.D.N.Y. 2018) ("Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.") (internal quotations and citation omitted); *Romeo & Juliette Laser Hair Removal, Inc. v. Assam I LLC*, No. 08-CV-442 (TPG), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage . . . a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim.").

However, even if Plaintiff had preserved these claims, the Court would nevertheless conclude that they fail as a matter of law.  Plaintiff's claims under §§ 1981, 1982, 1985, and 2000a all fail because Plaintiff does not allege that Defendants' actions were motivated by a racial or other improper discriminatory animus.  *See Ghouneim v. 352-354 H.D.F.C.*, No. 18-CV-287

---

[10] Therefore, even if Plaintiff intends to bring a fair trial claim against ACC Cham, she would be entitled to absolute immunity as to that claim as well.

(WHP), 2019 WL 1523326, at *3 (S.D.N.Y. Mar. 29, 2019) ("[T]o state a claim under §§ 1981 or 1982, a plaintiff must allege as follows: 'First, that the plaintiff is a member of a racial minority; second, that the defendant intended to discriminate based on the plaintiff's race; and third, that the discrimination concerned one of the enumerated statutory activities [under those sections].'") (quoting *Francis v. Kings Park Manor, Inc.*, 917 F.3d 109, 125 (2d Cir. 2019)); *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (noting that in order to allege a § 1985 conspiracy claim, Plaintiff must, *inter alia*, allege that the conspiracy is "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus"); *Gibbs–Alfano v. Burton*, 281 F.3d 12, 16 (2d Cir. 2002) (stating that § 2000a "guarantees individuals full and equal enjoyment of places of public accommodation without race-based discrimination"). (*See also* Order, Dkt. 40, at 6–7 & n.7.)

Plaintiff's claims under §§ 1986, 1988, and 2000aa likewise fail because they are not relevant to this action. *See Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000) ("a § 1986 claim must be predicated on a valid § 1985 claim"), *overruled in part on other grounds by Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002); *Artemov v. Ramos*, No. 18-CV-2537 (PKC) (LB), 2018 WL 2121595, at *2 (E.D.N.Y. May 8, 2018) (noting that § 1988 does not "grant an independent cause of action" and is also not available to *pro se* plaintiffs); *Vann v. City of Rochester*, No. 6:18-CV-06464 (MAT), 2019 WL 1331572, at *4 (W.D.N.Y. Mar. 25, 2019) ("[42 U.S.C. § 2000aa] prohibits the government from searching for or seizing certain materials . . . that are intended for publication.") (internal quotations, brackets, and citation omitted). (*See also* Order, Dkt. 40, at 6–7 & nn.6–7.) Accordingly, all of Plaintiff's statutory claims are dismissed.

IV. ***Monell* Claim**

Plaintiff appears to assert a municipal liability claim pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), by arguing that City Defendant's

"unconstitutional customs, decisions, practices and/or indifferent employee training or supervision practices were deliberately or recklessly indifferent to [Plaintiff's] obvious Federal Constitutional rights." (Am. Compl., Dkt. 46, ¶¶ 22, 25.) However, "a prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor." *Henry-Lee v. City of New York*, 746 F. Supp. 2d 546, 567 (S.D.N.Y. 2010). As the Second Circuit has held, "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (emphasis in original). Once a "district court properly [finds] no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* [is] entirely correct." *Id.* In light of the Court's dismissal of all of Plaintiff's federal law claims against individual Defendants,[11] Plaintiff's claim against City Defendant is also dismissed.[12]

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss is granted in its entirety. Plaintiff's amended complaint is dismissed. The Clerk of the Court is respectfully directed to enter judgment and close this case accordingly.

---

[11] Given that the Court is dismissing Plaintiff's claims on the merits, it does not address Defendants' argument that Plaintiff's claims should be dismissed on *res judicata* grounds.

[12] Furthermore, even if Plaintiff had stated a viable constitutional claim, the Court would nevertheless dismiss his *Monell* claim because Plaintiff has not alleged any facts to support his claim that any allegedly unconstitutional conduct by the individual Defendants was done pursuant to a policy, procedure, or practice of the NYPD. *See, e.g.*, *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) ("[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality.") (internal citations omitted).

10

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 6, 2019
       Brooklyn, New York